Mr. Chief Justice Warren
delivered the opinion of the Court, as follows:
This case is before us on writ of certiorari to the Court of Claims. The question presented is whether the schedule of minimum wage rates included in a Government construction contract, as required by the Davis-Bacon Act, is a representation or warranty as to the prevailing wage rates in the contract area. We hold that it is not.
The Davis-Bacon Act requires that the wages of workmen on a Government construction project shall be “not less” than the “minimum wages” specified in a schedule furnished by the Secretary of Labor. The schedule “shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing” for corresponding work on similar projects in the area. The Act also provides for penalties, including termination of the contract, if it is found that the contractor is paying less than the schedule rate.
The respondent, a construction company, was the successful bidder for a Government flood control project on the Chemung River at Elmira, New York. On January 31, 1941, at the request of the Corps of Engineers, the Secretary of Labor submitted a schedule of minimum wages for the froj ect. This schedule set the minimum hourly wage rate at 1.00 for carpenters and $.50 for laborers. On March 29, 1941, the Corps of Engineers issued an invitation for bids. Pursuant to the Davis-Bacon Act, supra, the Secretary’s wage schedule was included in the contract specifications furnished to respondent, prior to the computation of its bid. On May 14, 1941, respondent’s bid of $232,669.30 was accepted and a written contract was executed, incorporating the specifications and subject only to formal approval by the Government. The contract provided that respondent was to pay wages “not less than those stated in the specifications * * *; for breach of this provision, the Government was authorized to terminate the contract. On June 3,1941, the contract was formally approved; and on June 5, 1941, respondent received notice to proceed with the work.
On October 22, 1940, the local carpenters’ union had notified the contracting officer that the hourly wage scale for carpenters would be increased from $1.00 to $1,125 as of January 1,1941. On March 4,1941, some three weeks prior to the invitation for bids on the project involved here, the Secretary of Labor had furnished another Government agency, the Federal Works Agency, a schedule of minimum *846 wages for inclusion in the specifications for a federal housing project in Elmira. This schedule set the minimum hourly wage rate at $1,125 for carpenters and $.55 for laborers. On April 1, 1941, the union hourly rate for laborers was increased from $.55 to $.625. '
In the performance of the contract, respondent paid the union rates then in effect — $1,125 for carpenters and $.625 for laborers. On June 16,1941, respondent protested to the contracting officer that it was unable to obtain workmen at the rates specified in the contract schedule and demanded an adjustment of compensation, on the theory that the schedule was an affirmative representation as to the prevailing wage rates in the area and that respondent was entitled to rely on this representation in the computation of its bid. The contracting officer denied relief and the Chief of Engineers dismissed respondent’s appeal.
Respondent thereupon brought this action in the Court of Claims, seeking damages for the alleged misrepresentation as well as other relief. The court specifically found that an investigation by respondent would have revealed that the prevailing rates were higher than the rates specified in the schedule. Nevertheless, it allowed respondent a recovery of $7,363.22, consisting of the difference between the rates specified in the contract schedule ($1.00 for carpenters and $.50 for laborers) and the rates specified in the Secretary of Labor’s later determination for the Federal Works Agency ($1,125 for carpenters and $.55 for laborers). The court held that the contract schedule misrepresented — although inadvertently — the prevailing wage rate in the Elmira area, since, prior to the invitation to bid, the Secretary of Labor had made a higher determination and the contracting officer could have ascertained that fact. Respondent, the court held, was entitled to rely on the schedule “as the Secretary’s latest determination — as a representation of the wages it would have to pay when the work was to be done.” We granted review because of the obvious importance of the decision in the administration of the Davis-Bacon Act.
The Act itself confers no litigable rights on a bidder for a Government construction contract. The language of the Act and its legislative history plainly show that it was not enacted to benefit contractors, but rather to protect their employees from substandard earnings by fixing a floor under wages on Government projects. Congress sought to accomplish this result by directing the Secretary of Labor to determine, on the basis of prevailing rates in the locality, the appropriate minimum wages for each project. The cor *847 rectness of the Secretary’s determination is not open to attack on judicial review.
The Court of Claims nevertheless awarded respondent damages on the ground that the Government, through the Corps of Engineers, had falsely represented the prevailing rates in the Elmira area. The short answer to this is that the Government made no such representation. Neither the contract nor the specifications refers to “prevailing” rates. The contract speaks only of “wage rates not less than those stated in the specifications.” The specifications in turn speak only of “minimum wage rates applicable in the locality.” The only reference to “prevailing” rates appears in the statute itself, which provides that the minimum wage rates are to be “based upon * * * the wages * * * determined by the Secretary of Labor to be prevailing.” But this provision in the Act cannot convert the contractor’s obligation to pay not less than the minimum into a Government representation that the contractor will not have to pay more. On its face, the Act is a minimum wage law designed for the benefit of construction workers. The Act does not authorize or contemplate any assurance to a successful bidder that the specified minima will in fact be the prevailing rates. Indeed, its requirement that the contractor pay “not less” than the specified minima presupposes the possibility that the contractor may have to pay higher rates. Under these circumstances, even assuming a representation by the Government as to the prevailing rate, respondent’s reliance on the representation in computing its bid cannot be said to have been justified. ,
The Government further contends that the Secretary of Labor was justified in fixing different minimum rates for the housing and flood control projects according to the degrees of skill required by each project, and that respondent is estopped to claim misrepresentation because of its failure to make an investigation of labor costs before submitting its bid. Because of our disposition of the case, we find it unnecessary to reach these issues. The portion of the judgment on which the Government sought review is Reversed.
In the above case, plaintiff’s petition for writ of certiorari (No. 78) was denied by the Supreme Court, March 15,1954.
Petition for rehearing in Supreme Court No. 65 denied April 5, 1954, and petition for rehearing in Supreme Court No. 78 denied April 26, 1954.